UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| KENNY GRADY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00479-WTL-DLP |
| | ) | |
| RICHARD BROWN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Kenny Grady for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number WVS 17-05-0005. For the reasons explained in this Entry, Mr. Grady's habeas petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 24, 2017, Indiana Department of Correction (IDOC) Investigator L. Harbaugh wrote a Conduct Report charging Mr. Grady with the Class A offense of conspiracy, assisting, or attempting to traffic with another. The Conduct Report provides:

> The Investigation department began looking into multiple unauthorized financial transactions that were being communicated over the GTL system [the inmate telephone system] between Offender King and a girlfriend, Kelyn Crittenden. During the course of the investigation it was discovered that King had connections with food service offenders, who had corrupt staff willing to bring drugs inside. Also during calls it was found that Ms. Crittenden, upon King's request was meeting people on the streets for the purpose of picking up drugs and collecting money. While investigating these concerns during the course of May 7th, 8th, 9th and 10th Ms. Crittenden agreed to meet and obtain two packages of drugs from Markel Jordan, brother of Jeron Jordan, 245195 (see attached breakdown.). Meeting dates and times were mentioned, and information was exchanged about the drop. Offender Jordan conspired with Ms. Crittenden to meet his brother to conduct this illegal activity. Jordan and Offender Jordan spoke about the meeting and Jordan first spoke with Ms. Crittenden using Offender Kenny Grady's phone. Grady has worked with Crittenden in the past giving her multiple pay-pal numbers for King. Grady was more of a middle man but he did by policy conspire with King and Jordan to get drugs brought inside.
>
> Evidence: All calls can be reviewed on the GTL system. JPays can be reviewed linking Grady and Ms. Crittenden. Case #17-MCF-0054 Attempted Trafficking and 17-MCF-0050 Attempting to Traffic.

Dkt. No. 10-1. Investigator Harbaugh wrote other confidential reports, filed in this action ex parte, which describe the investigation and actions of the persons involved in more detail. Dkt. No. 12. Some of this information may be discussed or cited below.

Mr. Grady was notified of the charge on May 26, 2017, when he received the Screening Report. Dkt. No. 10-2. He pleaded not guilty to the charge, requested a lay advocate, but did not request any witnesses or physical evidence. *Id.*

The disciplinary hearing was held June 12, 2017. Dkt. No. 10-6. It had been postponed in order to give the hearing officer time to review case files from the Miami Correctional Facility

concerning other offenders thought to be involved in trafficking drugs. Mr. Grady made this statement in his defense:

> Mr. Jordan asked to use my phone. Ms. Crittenden bring my children to see me. I stepped away – I didn't know what they had going on. I know nothing about pay-pal numbers being given. I have given her numbers to call a girl for me.

Dkt. No. 10-6.

Based on Mr. Grady's statement, the conduct report, the case file summaries from the Miami Correctional Facility in 17-MCF-00504 & 17-MCF-0054, and the confidential reports of investigation, the hearing officer found Mr. Grady guilty of the A-111/113 offense. Grievous sanctions imposed included the loss of earned credit time and a demotion in credit earning class.

Mr. Grady appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Grady seeks habeas corpus relief through four grounds for relief: (1) that the disciplinary hearing officer denied him due process of law when he was not provided a reasoned explanation of why the evidence did not support a conviction on a lesser charge; (2) that he was denied due process when (a) the transcript of the telephone call to Ms. Crittenden was not provided to him and (b) the reports from the Miami Correctional Facility were not provided to him; (3) there was insufficient evidence to support the conviction; and finally (4) the he was denied due process when the disciplinary hearing officer denied Mr. Grady the right to have his guilt or innocence decided by a preponderance of the evidence. Respondent contends, and the record demonstrates, that Mr. Grady exhausted his administrative appeals as to the sufficiency of the evidence grounds but no others. Mr. Grady concedes he did not exhaust all of his administrative remedies, but does

3

not specify which claims he agrees are unexhausted. Dkt. No. 14, p. 10 (petitioner's reply, marked as page 8). It does not matter, however, because none of Mr. Grady's grounds have merit.

1.  Unexhausted Grounds

Grounds one and two were not presented to the IDOC appeal authorities during Mr. Grady's administrative appeals. Dkt. No. 1-1, p. 2; Dkt. No. 10-7. Thus they cannot be the basis for habeas corpus relief. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Presenting the issues to the Facility Head and the Appeals Review Officer "exhausts" the issues for federal habeas corpus review. Because these issues have not been exhausted in the administrative appeal process, habeas corpus relief on grounds one and two is **denied**.

2.  Sufficiency of the Evidence Grounds

Grounds three and four challenge the sufficiency of the evidence and are combined for analysis. These grounds were presented to IDOC administrative appeal authorities and are exhausted for federal habeas corpus review. Dkt. Nos. 1-1, 10-7.

Mr. Grady contends that there was no evidence to support the disciplinary hearing officer's decision. He argues that the evidence is insufficient to support the conviction because he merely allowed another inmate, Jordan, to use his (Mr. Grady's) phone call to speak to Ms. Crittenden, and he stepped away during the phone call. The hearing officer heard this defense during the disciplinary hearing, and weighed the competing evidence before finding Mr. Grady guilty of the charged offense.

This Court cannot reweigh the evidence. It can only assess whether there was some evidence to support the hearing officer's decision. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

There is "some evidence" here. The Conduct Report alone contains sufficient evidence to support the hearing officer's decision, and the confidential reports – the essence of which Mr. Grady is aware of – also support the decision. The IDOC investigator's reports detail a comprehensive investigation into the trafficking incidents and support the hearing officer's decision. Mr. Grady can be heard on the GTL phone calls giving account numbers to Ms. Crittenden, a known participant in the trafficking operation. He told her that "someone on the streets is going to contact her." Dkt. Nos. 10-1, 10-5, 12. As noted above, this Court's role is not to reweigh the conclusions of the report writers, but only to assess whether they constitute "some evidence" to support the hearing officer's decision. They do.

Habeas corpus relief on the sufficiency of the evidence grounds, grounds three and four, is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Grady to the relief he seeks. Accordingly, Mr. Grady's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/4/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenny Grady
129457
Wabash Valley Correctional Facility – Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically Registered Counsel